PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLARD C. LIGGETT, *etc.*, *et al.*, ) | |
| ) | CASE NO. 5:12CV2389 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHESAPEAKE EXPLORATION, ) | |
| L.L.C., *et al.*, ) | |
| ) | **FINDINGS OF FACT AND** |
| Defendants. ) | **CONCLUSIONS OF LAW** |

This action came on for trial before the Court upon the facts without a jury on October 21, 2013. The Court has considered the Stipulation of Undisputed Facts (ECF No. 71), the conditional stipulation on the record that $70,000 is a reasonable amount of attorney's fees incurred by Defendants Chesapeake Exploration, L.L.C. and CHK Utica, L.L.C. (collectively "Defendants") defending title, the arguments of counsel, as well as the entire record in this matter, and being otherwise advised in the premises, herein enters its findings of fact and conclusions of law in support of the Judgment Entry.

**FINDINGS OF FACT**

1. The findings of fact set forth in the Memorandum of Opinion and Order (ECF No. 77) are incorporated by reference herein.

2. On August 2, 2008, Third-Party Defendants Willard C. Liggett and Ruth A. Liggett (hereinafter "Third-Party Defendants") individually/personally signed an Oil & Gas Lease (ECF

(5:12CV2389)

No. 71-4) in which they contractually promised that they (1) had title to the property; (2) would defend that title; and (3) would take any reasonable actions necessary to cure any title defects. Mr. and Mrs. Liggett agreed to lease their mineral interests in the real property located at 3290 Pleasant Valley Rd SE, Dennison, Ohio, including oil and gas interests, to non-party Patriot Energy Partners LLC for oil and gas exploration purposes.

 3. Defendants are the successors in interest to Patriot Energy Partners LLC under the Lease (ECF No. 71-4) and its Ratification & Amendment (ECF No. 71-5). *See* ECF No. 71 at ¶ 6.

 4. The oil and gas lease at issue here is valid and enforceable. *See* ECF No. 77 at PageID #: 782-84. The Court enforces the Lease, in part, because the Liggetts warranted title and entered a covenant to defend it. ECF No. 77 at PageID #: 784.

 5. Third-Party Defendants made a covenant to take any steps necessary to defend the title that they warranted, including executing documents to bind the Trust to the Lease (ECF No. 71-4). Specifically, the Lease provides at ¶ 16 that

> [a]ll covenants and conditions between the parties hereto shall extend to their heirs, personal representatives, successors and assigns, and the Lessor hereby warrants and agrees to defend the title to the lands herein described.

ECF No. 71-4 at PageID #: 757. The Lease also provides at ¶ 17 that

> Lessor further agrees to sign such additional documents as may be reasonably requested by Lessee to perfect Lessee's title to the oil and gas leased herein and such other documents related to the sale of production of hydrocarbons as may be required by Lessee or others.

ECF No. 71-4 at PageID #: 757.

2

(5:12CV2389)

6. Third-Party Defendants breached the warranty of title contained in the Lease (ECF No. 71-4) when Plaintiffs Willard C. Liggett and Ruth A. Liggett, Co-Trustees Under 10/10/05 Liggett Trusts (hereinafter "Plaintiffs") filed the above-entitled action contesting title.

7. Defendants rights under the Lease (ECF No. 71-4) will be deemed paramount after Mr. and Mrs. Liggett, in their capacity as Trustees, have executed documents (*e.g.*, a ratification of the Lease) to bind the Trusts to the Lease as ordered in the Judgment Entry.

## CONCLUSIONS OF LAW

1. The conclusions of law set forth in the Memorandum of Opinion and Order (ECF No. 77) are incorporated by reference herein.

2. Third-Party Defendants' execution of the Lease (ECF No. 71-4) as agents for Plaintiffs renders both the undisclosed principal (the Trusts) and the agents (Mr. and Mrs. Liggett) jointly and severally liable as parties to the Lease, and bound to its terms. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 524 (1994); *Wahab Janitorial Services v. P.M. Group Mgt.*, 161 Ohio App.3d 632, 524-25 (2005). ECF No. 77 at PageID #: 783.

3. Third-Party Defendants warranted title and entered a covenant to defend it. Pursuant to the Lease (ECF No. 71-4) generally and ¶¶ 16 and 17 specifically, Mr. and Mrs. Liggett made a covenant to take any steps necessary to defend the title they warranted, including executing documents to bind the Trusts to the Lease. ECF No. 71-4 at PageID #: 757. *See e.g.*, *Fassnacht v. Bessinger*, 35 Ohio App. 509 (1930); *Wetzell v. Richcreek*, 53 Ohio St. 62, at syllabus para. 1

(5:12CV2389)

(1895); *Templeton v. Sheets*, No. 00CA33, 2001 WL 1287142, at *3 (Ohio App. 4th Dist. Sept. 21, 2001); *Morgan v. Reese*, 99 Ohio App. 473, 479 (1954).

    4.  The Liggetts' breach of their title warranty and refusal to fulfill their obligation to defend that title, including commencing and prosecuting this action challenging the title they warranted, constitute breaches of the title warranty made as part of the transfer. *Hawley v. Ritley*, Nos. 50856, 50875, 1986 WL 11652 (Ohio App. 8th Dist. Oct. 16, 1986 (recognizing that a grantor's post-transfer suit challenging her own title constituted a breach of the title warranty she made as part of the transfer); *see also*, *Schick v. Town of Colonial Beach*, 36 Va. Cir. 599, 601 (Va. Cir. Ct. 1993) ("Simply stated, a party cannot convey property, receive consideration, and then challenge his own title.") (citation omitted).

    5.  Recovery of attorney's fees is a proper element of damages for breach of the Lease (ECF No. 71-4). Defendants are, therefore, entitled to the attorney's fees they have incurred defending the title that Third-Party Defendants warranted and then Plaintiffs challenged. *See e.g.*, *Carrier v. DeWalt*, No. 3-87-32, 1989 WL 36608, at *2 (Ohio App. 3d Dist. April 18, 1989) (citing *McAlpin v. Woodruff*, 11 Ohio St. 120 (1860) and *Lane v. Fury*, 31 Ohio St. 574 (1877)).

    6.  Attorney's fees are a proper measure of the damages incurred for breach of warranty—indeed, such attorney's fees are the "but-for" and foreseeable damages from such a breach—particularly where, as here, the party challenging title is the one that warranted and promised to defend it. *See e.g.*, *Kovack v. Ohio Bar Title Ins. Co.*, No. 2300-M, 1994 WL 721931, at *7 (Ohio App. 9th Dist. Dec. 30, 1994) (finding that further proceedings were required to determine the proper measure of attorney's fees because "as a result of the breach of

(5:12CV2389)

the warranty deed, [the grantors] should be responsible for the cost of reasonable attorney fees incurred by [the grantees] in the prosecution of this case [for breach of title warranties]"); *McGovern v. Landmark Title Agency*, No. 10765, 1988 WL 134884, at *5 (Ohio App. 2d Dist. Dec. 12, 1988) (citing *McAlpin, supra*, and *Lane, supra*, and affirming an award of attorney's fees that a grantee incurred in prosecuting a breach of warranty claim against his grantor based upon an undisclosed encumbrance against the property even where the encumbrance was later found unenforceable because "all of the money he spent on attorney fees was for the purpose of clearing up the title"); *Davis v. Cassady*, No. 1303, 1987 WL 8438, at *3 (Ohio App. 4th Dist. March 23, 1987) (citing 30 OHIO JUR. 3d *Damages* § 112 (1981) and the cases cited therein, and enforcing a stipulation as to attorney fees incurred because "such award was justified in that such awards have been granted in action based upon breach of warranty. . .").

    7. The Court awards Defendants the stipulated amount of attorney's fees as the damages they incurred as a direct and proximate result of the Liggetts' breach of their own title warranties and their refusal to fulfill their obligation to defend that title.

    IT IS SO ORDERED.

| | |
|---|---|
| November 5, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |